JS 44  (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

William Donahue

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Caren N. Gurmankin, Esq., Console Mattiacci Law
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

## DEFENDANTS

Temple University Hospital, Inc., Temple University Hospital, Temple University Health System, Inc.

County of Residence of First Listed Defendant   Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | **LABOR** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 751 Family and Medical Leave Act | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 791 Employee Retirement Income Security Act | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **SOCIAL SECURITY** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 861 HIA (1395ff) | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 862 Black Lung (923) | |
| | | [ ] 550 Civil Rights | [ ] 863 DIWC/DIWW (405(g)) | |
| | | [ ] 555 Prison Condition | [ ] 864 SSID Title XVI | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 865 RSI (405(g)) | |
| | | **IMMIGRATION** | **FEDERAL TAX SUITS** | |
| | | [ ] 462 Naturalization Application | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | [ ] 465 Other Immigration Actions | [ ] 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101, et seq.; 43 P.S. § 951, et seq.
Brief description of cause:
Plaintiff was discriminated against based on his disabilities.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

DATE   7/9/2026

SIGNATURE OF ATTORNEY OF RECORD   *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| William Donahue | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Temple University Hospital, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 7/9/2026 | *[signature]* | Plaintiff, William Donahue |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 405-2900 | Gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA _____

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?  Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☒ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **WILLIAM DONAHUE**<br>**Huntingdon Valley, PA 19006** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **TEMPLE UNIVERSITY** | : | |
| **HOSPITAL, INC.** | : | |
| **3509 N. Broad Street** | : | |
| **Philadelphia, PA 19140** | : | |
| | : | |
| **and** | : | |
| | : | |
| **TEMPLE UNIVERSITY HOSPITAL** | : | |
| **3509 N. Broad Street** | : | |
| **Philadelphia, PA 19140** | : | |
| | : | |
| **and** | : | |
| | : | |
| **TEMPLE UNIVERSITY HEALTH** | : | |
| **SYSTEM, INC.** | : | |
| **3509 N. Broad Street** | : | |
| **Philadelphia, PA 19140** | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## <u>COMPLAINT</u>

## I.     <u>INTRODUCTION</u>

Plaintiff, William Donahue, brings this action against his former employers,

Temple University Hospital, Inc.; Temple University Hospital; and, Temple University

Health System, Inc. ("Defendants").  Defendants discriminated against Plaintiff based on

his disabilities and his medical leaves, and retaliated against him based on his requests for

accommodation in connection with his medical conditions, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Family Medical Leave Act, as amended, 29 U.S.C. §2601, *et seq*. ("FMLA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1100, *et seq.* ("PFPO").

## II.    PARTIES

1.    Plaintiff, William Donahue, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.    Defendant, Temple University Hospital, Inc., is incorporated in Pennsylvania, and has a principal place of business at 3509 N. Broad Street, Philadelphia, PA 19140.

3.    Defendant, Temple University Hospital, is incorporated in Pennsylvania, and has a principal place of business at 3509 N. Broad Street, Philadelphia, PA 19140.

4.    Defendant, Temple University Health System, Inc., is incorporated in Pennsylvania, and has a principal place of business at 3509 N. Broad Street, Philadelphia, PA 19140.

5.    Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

6.    At all times material hereto, Defendants employed more than fifteen (15) employees.

7.    At all times material hereto, Defendants employed more than fifty (50) employees at Plaintiff's workplace and/or within seventy five (75) miles of Plaintiff's workplace.

2

8.      Plaintiff was employed for at least twelve hundred and fifty (1,250) hours of service during the twelve (12) month period prior to the start of his FMLA leave.

9.      At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

10.     At all times material hereto, Defendants acted as an employer within the meaning of the statutes which form the basis of this matter.

11.     At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

## III.    JURISDICTION AND VENUE

12.     The causes of action which form the basis of this matter arise under the ADA, the FMLA, the PHRA, and the PFPO.

13.     The District Court has jurisdiction over Count I (ADA) pursuant to 42 U.S.C. §12117(a) and 28 U.S.C. §1331.

14.     The District Court has jurisdiction over Count II (FMLA) pursuant to 29 15. U.S.C. §2617(a)(2) and 28 U.S.C. §1331.

15.     The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. § 1367.

16.     The District Court has supplemental jurisdiction over Count IV (PFPO) pursuant to 28 U.S.C. §1367.

17.     Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000(e)-5(f).

18.     On or about October 7, 2024, Plaintiff filed a Complaint of Discrimination

3

with the Philadelphia Commission on Human Relations ("PCHR"), complaining of acts

of discrimination alleged herein. This Complaint was cross-filed with the Equal

Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein,

and marked as Exhibit "1" is a true and correct copy of the PCHR Complaint of

Discrimination (with personal identifying information redacted).

19. On or about April 16, 2026, the EEOC issued to Plaintiff a Notice of Right

to Sue for his Complaint of Discrimination. Attached hereto, incorporated herein, and

marked as Exhibit "2" is a true and correct copy of the Notice of Right to Sue (with

personal identifying information redacted).

20. Plaintiff has fully complied with all administrative prerequisites for the

commencement of this action.

## IV.   FACTUAL ALLEGATIONS

21. Plaintiff began working for Defendants on or about July 9, 2008.

22. As of the time of Plaintiff's termination, he held the position of Nurse

Manager in the Emergency Department at Defendants' Temple University Hospital –

Jeanes Campus.

23. As of the time of Plaintiff's termination, he reported directly to Kevin

Desrochers, Associate Vice President, Nursing. Desrochers reported to Nancy Politarhos,

Vice President, Nursing.

24. At all times material hereto, Plaintiff demonstrated excellent performance.

25. On or about June 13, 2023, Plaintiff was hospitalized with cellulitis of his

right leg.

26. Cellulitis is a bacterial skin infection that can be very serious if left

untreated.

27.    While Plaintiff was hospitalized, he had an X-ray of his right foot and ankle.  As a result of the X-ray, Plaintiff was diagnosed with a form of Charcot disease in his feet and ankles called Charcot Arthopathy.

28.    Charcot Arthopathy is a severe, progressive complication of diabetes-related nerve damage.

29.    Plaintiff was out of work on approved medical leave pursuant to the Family Medical Leave Act ("FMLA") from on or about June 13, 2023 through on or about July 5, 2023.

30.    Plaintiff informed Defendants of his medical diagnoses on or about June 14, 2023 when he told Desrochers and Jacqueline Nardi, Director of Absence Management, about the same.

31.    Plaintiff also told Desrochers and Nardi that, as a result of his medical conditions, he was restricted to minimal weight-bearing activities, and that he had a follow-up appointment to discuss treatment and possible surgical options.

32.    When Plaintiff returned to work on or about July 6, 2023, he did so wearing a walking cast boot, and using a wheelchair and/or a walker.

33.    On or about July 22, 2023, Politarhos questioned Plaintiff as to what he was doing at work, and instructed him to take time off to get well and focus on his health.

34.    Plaintiff told Politarhos that he had been successfully performing his job with reasonable accommodations since his return from his medical leave on or about July 6, 2023, and that he wanted to continue working.

35.    Politarhos told Plaintiff that he should go out on medical leave.

5

36.     Per Politarhos' instructions, Plaintiff went out of work on an approved medical leave on or about July 24, 2023.

37.     Even while Plaintiff was on medical leave, he was still doing work for Defendants from home.

38.     Plaintiff returned from his approved medical leave on or about October 9, 2023.

39.     Upon Plaintiff's return to work, he worked remotely from home with Defendants' permission.

40.     Although Plaintiff's remote work arrangement was initially meant to be part-time, it evolved into Plaintiff working remotely on a full-time basis.

41.     On or about December 7, 2023, Plaintiff provided Defendants updated documentation from his medical provider regarding his medical conditions and requesting that he be permitted to continue working from home.

42.     On or about January 10, 2024, Defendants changed Plaintiff's status to inactive work status.

43.     Defendants told Plaintiff that the reason for the status change was that they could no longer accommodate his request to work remotely.

44.     Nardi further told Plaintiff that there were no reasonable accommodations available that would allow him to perform the essential functions of his job, that Defendants could no longer accommodate "light duty" work and that, as such, he would be placed on indefinite medical leave.

45.     On the following day, Plaintiff saw that Defendant had posted for the position that he held, that of Nurse Manager, Emergency Department at Defendants'

6

Jeanes Campus.

46. On or about January 15, 2024, Plaintiff asked Desrochers why Defendants did not talk to him before they changed his status to inactive. Plaintiff also asked Desrochers why Defendants had not given him the opportunity to return to work in a hybrid format.

47. Desrochers did not answer Plaintiff's questions.

48. On or about July 25, 2024, Nardi sent Plaintiff an email attaching a letter dated July 12, 2024 which stated that Defendants terminated his employment effective July 10, 2024.

49. Defendants' July 12, 2024 letter included the below:

I hope this letter finds you well. You have been away from work since October 9, 2023. Since there were no reasonable accommodations available that would have allowed you to perform the essential functions of your position at that time and your department was unable to continue accommodating your absence, you were placed into an inactive work status.

50. Defendants failed to provide a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

51. Defendants failed to provide a legitimate, non-discriminatory reason as to why they denied Plaintiff's request for continued reasonable accommodation of working from home and/or a hybrid schedule.

52. Defendants failed to provide Plaintiff with a legitimate, non-discriminatory reason as to why they placed Plaintiff on inactive work status.

53. Plaintiff's disability was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including failing to grant his continued requests for reasonable accommodation, placing him on inactive work status, and terminating his employment.

7

54.     Plaintiff's requests for reasonable accommodations were motivating and/or determinative factors in connection with Defendants' retaliatory treatment of Plaintiff, including placing Plaintiff on inactive work status and terminating Plaintiff's employment.

55.     Plaintiff's FMLA leave was a motivating and/or determinative factor in Defendants' discriminatory and retaliatory treatment of Plaintiff.

56.     Defendants failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

57.     The retaliatory actions taken against Plaintiff after he complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

58.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

59.     Plaintiff is not seeking damages related to his wage losses resulting from Defendants' conduct.

60.     Defendants acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

## **COUNT I - ADA**

61.     Plaintiff incorporates herein by reference paragraphs 1 through 60 above, as if set forth herein in their entirety.

8

62.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the ADA.

63.    Defendants acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and their conduct warrants the imposition of punitive damages.

64.    As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

65.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

66.    No previous application has been made for the relief requested herein.

### COUNT II – FMLA

67.    Plaintiff incorporates herein by reference paragraphs 1 through 66 above, as if set forth herein in their entirety.

68.    Defendants retaliated against Plaintiff for taking leave pursuant to the FMLA.

69.    As a direct and proximate result of Defendants' violation of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

70.    Defendants acted without good faith or reasonable grounds for believing that their acts did not violate the FMLA.

71.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' violations of the FMLA unless and until the Court grants the relief requested herein.

72.    No previous application has been made for the relief requested herein.

### COUNT III – PHRA

73.    Plaintiff incorporates herein by reference paragraphs 1 through 72 above, as if set forth herein in their entirety.

74.    Defendants, by the above improper, discriminatory, and retaliatory acts, have violated the PHRA.

75.    Said violations were intentional and willful.

76.    As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

77.    Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

78.    No previous application has been made for the relief requested herein.

### COUNT IV - PFPO

79.    Plaintiff incorporates herein by reference paragraphs 1 through 78 above, as if set forth herein in their entirety.

80.    Defendants, by the above improper, discriminatory, and retaliatory acts, have violated the PFPO.

81.    Said violations were intentional and willful.

10

82.     As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

83.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

84.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADA;

(b)     declaring the acts and practices complained of herein to be in violation of the FMLA;

(c)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)     declaring the acts and practices complained of herein to be in violation of the PFPO;

(e)     enjoining and permanently restraining the violations alleged herein;

(f)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(g)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h)    awarding punitive damages to Plaintiff under the ADA;

(i)    awarding punitive damages to Plaintiff under the ADA and the PFPO;

(j)    awarding Plaintiff such other damages as are appropriate under the ADA, the FMLA, the PHRA, and the PFPO;

(k)    awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and,

(l)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

CONSOLE MATTIACCI LAW, LLC

Dated:  July 9, 2026              BY:    _____

Caren N. Gurmankin (205900)
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff,
William Donahue

12

# Exhibit 1

CITY OF PHILADELPHIA
PHILADELPHIA COMMISSION ON HUMAN RELATIONS

## **COMPLAINT**

COMPLAINANT:                       :

**WILLIAM DONAHUE**          :          Docket No.

v.                                  :

RESPONDENTS:                 :

**TEMPLE UNIVERSITY HOSPITAL**   :

and                              :

**TEMPLE HEALTH SYSTEM**      :

and                              :

**TEMPLE UNIVERITY HEALTH SYSTEM**  :

1. The Complainant herein is:

    Name:                  William Donahue

    Address:             <span style="background-color:black;color:red">redacted</span>
                           Huntingdon Valley, PA 19006

2. The Respondents herein are:

    Names:               Temple University Hospital; Temple Health System;
                           Temple University Health System

    Address:             3420 North Broad Street
                           Philadelphia, PA 19141

3. I, William Donahue, the Complainant herein, allege that I was subjected to unlawful discrimination because of my disability (including history of and regarded as) and retaliation because of my seeking reasonable accommodations for my disability, as set forth below.

1

**Discrimination and Retaliation**

**A.  I specifically allege:**

[1]      I began working at Respondents on or about July 9, 2008.

[2]      I consistently performed my job duties in a highly competent manner.

[3]      I last held the position of Nurse Manager.

[4]      I last reported to Kevin Desrochers, Associate Vice President, Nursing. Desrochers reported to Nancy Politarhos, Vice President, Nursing.

[5]      In June 2023, I received a positive performance review.

[6]      On June 13, 2023, I was hospitalized with cellulitis of my right leg and had an X-ray of my right foot and ankle performed.  I was diagnosed with Charcot disease in my right and left feet and ankles with my right ankle being unstable.  I remained inpatient for three (3) days.

[7]      On June 13, 2023, I went out of work on an FMLA-protected medical leave of absence.

[8]      On June 14, 2023, in separate phone calls with Desrochers and Jacqueline Nardi, Director of Absence Management, I stated that I was diagnosed with cellulitis and Charcot disease of the foot and ankle.  I stated that I was restricted to minimal weight bearing activities and had a follow up appointment next week with podiatry to discuss the treatment plan and eventual surgical options.

[9]      On June 19, 2023, I was fitted with a walking cast boot.

[10]      From June 13 to July 6, 2023, I was out of work on a medical leave of absence due to my disability.

[11]      On July 6, 2023, I returned to work from my medical leave of absence.

2

[12]    I returned to work with the reasonable accommodations of using a wheelchair and/or a walker and entering my office through the back hallway.

[13]    I was able to perform my job duties and responsibilities with the above reasonable accommodations.

[14]    On or about July 22, 2023, in a phone call with Politarhos, she asked me what I was doing at work and instructed me to take time off from work to get well and focus on my health.  I stated that I had been successfully performing my job with reasonable accommodations since returning to work on July 6, 2024.  I stated that I wanted to continue working.  She told me that I should go out on medical leave.  She did not tell me that Respondents could not accommodate me.

[15]    On July 24, 2023, per Politarhos's instruction, I went out of work on an FMLA-protected medical leave of absence.

[16]    From July 24 to October 9, 2023, I was out of work on a medical leave of absence due to my disability.

[17]    On October 9, 2023, I returned to work from my medical leave of absence.

[18]    I returned to work with the reasonable accommodation of working remotely.

[19]    I was able to perform my job duties and responsibilities with the reasonable accommodation of working remotely.

[20]    On December 7, 2023, in an email to Nardi, my doctor submitted updated medical documentation and a request to extend my reasonable accommodation of working remotely.

3

[21]    On January 10, 2024, in a phone call with Nardi, Respondents placed me out of work on inactive work status, effective immediately.  The stated reason was that Respondents could no longer accommodate me.

[22]    On January 10, 2024, following the above, in a letter from Nardi, she reiterated that Respondents placed me out of work on inactive work status, effective immediately.  She stated that Respondents could "no longer accommodate light duty."  She stated: "Since there are no reasonable accommodations available that would allow [me] to perform the essential functions of [my] position at this time, [I] will be placed into inactive work status."  She stated that I could remain in inactive work status until July 10, 2024.

[23]    I was not working light duty; I was working remotely as a reasonable accommodation for my disability, which allowed me to perform the essential functions of my position.

[24]    On January 15, 2024, in a phone call with Desrochers, I asked why he did not have a conversation with me before Respondents placed me out of work on inactive work status and why I had not been given the opportunity to return to work in a hybrid format.  He did not answer my questions.

[25]    I received no explanation as to why Respondents could not or would not continue to reasonably accommodate me for my disability despite having accommodated me for three (3) months.

[26]    I was placed on an unpaid leave because of my disability and/or my seeking accommodations for my disability.

[27]    None of the nondisabled employees who did not seek reasonable accommodations for a disability were placed out of work on inactive work status.

4

[28]    Before disclosing my disability and seeking reasonable accommodations for the same, I had no indication that I would be placed out of work on inactive work status.

[29]    I am and have been able to perform my job duties and responsibilities with the requested reasonable accommodation.

[30]    Respondents placed me on leave because I sought to work remotely due to my medical condition.

[31]    Respondents have failed to reasonably accommodate me for my disability.

[32]    Respondents have failed to engage in an interactive process with me to determine what accommodations are necessary and/or reasonable.

[33]    At no time did Respondents explain why I have not been accommodated for my disability.

[34]    At no time has Respondents explained what, if any, undue hardship it would be to Respondents to grant my reasonable accommodation request.

[35]    On July 25, 2024, in an email from Nardi, attaching a letter dated July 12, 2024, Respondents terminated my employment, effective July 10, 2024.  The stated reason was that I did not return to active work status.  The letter falsely stated that there were no reasonable accommodations available that would have allowed me to perform the essential functions of my position, and that Respondents were unable to continuing accommodating my absence.

[36]    I was provided no opportunity to remain employed with Respondent.

[37]    Before I disclosed my disability and my need for medical leave as a reasonable accommodation for my disability, I had no indication that my job was in jeopardy.

[38]    Respondent terminated my employment because of my disability and/or my seeking reasonable accommodations for my disability.

5

[39]    Respondent terminated my employment after I was placed out of work on a leave of absence instead of Respondent reasonably accommodating me for my disability.

[40]    Respondent assigned my job duties to nondisabled employees and/or employees who had not sought reasonable accommodations for a disability. [1]  I was more qualified and experienced to perform my job duties than the nondisabled employees who had not sought reasonable accommodation for a disability to whom my job duties were assigned.

[41]    Respondent retained nondisabled employees and/or employees who had not sought reasonable accommodations in positions for which I was more qualified.

[42]    Respondents' disability discriminatory and retaliatory conduct toward me has caused me emotional distress.

[43]    Respondents' comments and conduct evidence a bias against disabled and/or older employees and/or employees who seek reasonable accommodations for a disability.

**B.**  Respondents have discriminated against me because of my disability (including history of and regarded as) and retaliated against me for seeking reasonable accommodations for my disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.  The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

 __X__    **Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101,** *et seq.*
**("PFPO"), Section __9-1103__ .**

---

[1] References herein to an employee not having a disability and/or having requested reasonable accommodations for a disability are to the best of my knowledge.

6

5.  Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

 **X**     **This charge will be referred to the EEOC for the purpose of dual filing.**

6.  The Complainant seeks that Respondents be required to:

    a)  Make the Complainant whole.

    b)  Eliminate all unlawful discriminatory practice(s) and procedure(s).

    c)  Remedy the discriminatory effect of past practice(s) and procedure(s).

    d)  Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

    e)  Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

10/03/2024 _____    _____
(Date Signed)                          (Signature)    William Donahue
                                       redacted
                                       Huntingdon Valley, PA 19006

8

# Exhibit 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## <u>NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)</u>
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 4/16/2026

**To:**   William Donahue
redacted
Huntingdon Valley, PA 19006

Charge No:  17G-2025-00004
EEOC Representative and email:       State Local and Tribal Program Manager
                                     PHLSTATEANDLOCAL@EEOC.GOV

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By:  Karen McDonough  4/16/2026

Karen McDonough
Deputy District Director

cc:     For Respondent                      For Charging Party
        Alpa Patel Esq.                     Emily R Derstine Friesen Esq.
        Hamburg Law Group                   Console Mattiacci Law
        1 Franklin Town Boulevard, Suite 1106   1525 Locust Street, 9th  Floor
        Philadelphia, PA 19103              Philadelphia, PA 19102

Please retain this notice for your records.